IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTECH INFORMATION
SYSTEMS, LLC,

    Plaintiff,

    v.

PROTEK CONSULTING,
*et al.*,

    Defendants.

Civil Action No. PX- 17-3468

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this civil action is Defendants Richard A. Harrison and ProTek Consulting, LLC's motion to transfer or dismiss the case for improper venue. *See* ECF No. 12. Also pending are Defendants John Bucy and Adam W. Fishbein's motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6). *See* ECF Nos. 10 & 11. The matter has been fully briefed, and the Court now rules because no hearing is necessary. *See* Loc. R. 105.6. For the reasons below, Defendants' motions are DENIED.

**I.    Background[1]**

Plaintiff Artech Consulting, LLC ("Artech") is a limited liability company headquartered in Morristown, New Jersey, with an office in Rockville, Maryland. ECF No. 1 at ¶ 1. All Artech LLC members are citizens of New Jersey. ECF No. 1 at ¶ 1. Defendants Richard A. Harrison ("Harrison), John Bucy ("Bucy"), Adam W. Fishbein ("Fishbein") are citizens of Maryland and former Artech employees now working at Defendant ProTek Consulting, LLC ("ProTek"). ECF

---

[1] The following facts are taken from the Complaint and accepted as true for purposes of this motion. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

No. 1 at ¶¶ 3, 4, 5.  ProTek is a Maryland limited liability company headquartered in Maryland.  ECF No. 1 at ¶ 2.

In March 2011, Artech purchased the membership interests of a Rockville, Maryland company, Edge Professional Services, LLC ("Edge").  ECF No. 1 at ¶ 11.  Prior to the buyout, Edge was owned by Defendant Harrison, who "worked closely" in Edge's senior management with Defendant Bucy.  ECF No. 1 at ¶¶ 11, 14.  In July 2014, Artech hired Harrison as Senior Vice President of Sales and Operations for Artech.  ECF No. 1 at ¶ 11.  In this role, Harrison oversaw the operations of Artech's Rockville, Maryland office, and helped with hiring and maintaining positive relationships with Artech employees.  ECF No. 1 at ¶ 11.  At the time of his hiring, Harrison signed an Employment Agreement with Artech which included a "Non-Solicitation or Hire" clause.  This clause provided that should Artech and Harrison's employment relationship end, Harrison could not solicit or employ Artech employees for a 24-month "Post-Employment Non-Solicitation Period."  ECF No. 1 at ¶ 12.

On March 10, 2016, Harrison resigned from Artech.  ECF No. 1 at ¶ 13.  He then founded ProTek, where he serves as its Executive Vice President. ECF No. 1 at ¶ 20-21.  ProTek is a direct competitor to Artech.  ECF No. 1 at ¶ 21.   Since founding the company, Harrison has hired at least six Artech employees to work at ProTek.  ECF No. 1 at ¶¶ 12, 23.

Defendants Bucy and Fishbein were formerly employed by Artech and now work at ProTek.  Bucy was hired by Artech in December 2015 and served as its Managing Director for the Capital Region from April 2016 through his resignation on March 31, 2017.  ECF No. 1 at ¶¶ 15, 16.  Before starting at Artech, Bucy signed an Employment Agreement that included a "Non-Competition" clause prohibiting Bucy from working with any Artech competitor within a 50 mile radius of Artech for at least 24 months after separation from the company.  ECF No. 1 at ¶

25; *see also* ECF No. 1-3.  Following Bucy's resignation from Artech, Bucy began working as a Vice President for ProTek.  ECF No. 1 at ¶ 26.  In this new position, Bucy "directly or indirectly" solicits business from one or more of Artech's customers.  ECF No. 1 at ¶ 26.

Defendant Fishbein worked out of Artech's Rockville, Maryland office as a Technical Recruiter from May 5, 2014 through his resignation on February 18, 2017.  While at Artech, Fishbein identified and developed new Artech customers and supported existing clients.  Similarly to Defendant Bucy, Fishbein's Employment Agreement with Artech included a non-compete clause which prohibited employment with an Artech competitor for a period of 24 months, within a radius of 30 miles of Artech's Rockville, Maryland office.  ECF No. 1 at ¶ 27.  Following his resignation, Fishbein joined ProTek as a Senior Recruiter.  ECF No. 20 at 3.

On November 21, 2017, Artech filed suit against Defendants for breach of contract, tortious interference, and unfair competition, seeking both monetary and injunctive relief.  *See* ECF No. 1.  On December 22, 2017, Bucy and Fishbein moved to dismiss the action on the grounds that Plaintiff failed to state a claim, while ProTek and Harrison moved to dismiss or transfer the action, seeking to enforce a forum selection clause included only in Harrison's employment agreement.  *See* ECF Nos. 10, 11, 12.  The Court will first address Harrison and ProTek's motion.

## II. Defendants Harrison and ProTek's Motion to Transfer or Dismiss

Artech sues Harrison for breach of contract (Count I) and Harrison and ProTek for tortious interference with contract (Count II), and unfair competition (Count V).  Harrison and ProTek seek transfer or dismissal of these claims under 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 12(b)(3).  *See* ECF No. 12.  Harrison and ProTek argue that the forum selection clause in Harrison's Employment Agreement compels such result because the clause specifically

sets out that any action arising from a breach of the Employment Agreement must be brought in Washington state. ECF No. 12 at 1; ECF No. 13-1 at 14. The clause more particularly states that:

> [T]he parties agree irrevocably to submit to the exclusive jurisdiction of the federal and state courts of the State of Washington, for the purpose of any suit, action, or other proceeding brought by any party arising out of any breach of any of the provisions of this Agreement . . . .

ECF Nos. 1-2 & 12 at 4.

As a preliminary matter, the Court must first determine what law applies to the disputed forum selection clause. *See Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 692 (D. Md. 2000). Harrison's Employment Agreement provides that it "shall be governed and construed in accordance with the laws of the State of New Jersey," and Artech urges the Court to apply New Jersey law. ECF No. 13-1 at 14. Application of a forum selection clause, however, is a procedural matter, and a "federal court sitting in diversity jurisdiction will apply federal law," even where the contract includes a valid choice of law provision. *See White Oak Power Constructors v. Alstom Power, Inc.*, No. CB-17-1437, 2017 WL 5158507, at *3 (D. Md. Nov. 7, 2017); *Albemarle Corp. v. AstraZeneca UK Ltd.*, 626 F.3d 643, 650 (4th Cir. 2010). The Court will thus assess the forum selection clause under federal law. *See Albemarle Corp.*, 628 F.3d at 651 (citing *M/S Bremen v. Zapata Off-Shoe Co.*, 407 U.S. 1 (1972)).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. "[A] forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of . . . Rule 12(b)(3), [but] the clause may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court*

4

*for W. Dist. of Tx.*, 571 U.S. 49, 61 (2013) (hereinafter "*Atlantic Marine*"); *see also BAE Sys. Tech. Solution & Servs., Inc. v. Repub. of Korea's Defense Acquisition Prog. Admin.*, 884 F.3d 463, 470 n.4 (4th Cir. 2018). In *Atlantic Marine*, the United States Supreme Court, having occasion to pass on the validity of a forum selection clause, held that courts must apply a strong presumption in favor of the forum selection clause, and enforce it absent "extraordinary circumstances unrelated to the convenience of the parties." *Atlantic Marine*, 571 U.S. at 62. Importantly, the high Court did not provide further guidance as to assessing "extraordinary circumstances" that may arise in the context of multi-party litigation for which the clause in question reaches some but not all of the parties and claims.

Nor has the United States Court of Appeals for the Fourth Circuit provided guidance in this regard. The Fifth and Third Circuits, however, in *In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014), *cert denied*, 136 S.Ct. 45 (5th Cir. 2015) and In *re: Howmedica Osteonics Corp.*, 867 F.3d 390 (3d. Cir. 2017), *cert denied*, 128 S.Ct. 1288 (2018), have held that "in situations where some but not all parties have entered into a forum selection clause," courts must determine whether transfer is warranted by assessing the following factors: (1) that in "all but the most unusual cases," claims bound by the forum selection clause should be litigated in the chosen forum; (2) the private and public interests of parties not bound by the forum selection clause; (3) practical threshold issues of jurisdiction and severance; and (4) judicial efficiency and "any other public interests that weigh against enforcing a forum-selection clause." *Howmedica*, 867 F.3d at 404–405; *see also Rolls Royce*, 775 F.3d at 681 (enumerating a substantially similar three-factor test).[2] This Court will employ the same analysis here.

---

[2] District courts outside the Third and Fifth Circuits have also followed the *Howmedica* and *Rolls Royce* analysis. *See, e.g. Ashley Furniture Industries, Inc. v. Packaging Corp. of America*, 275 F. Supp. 3d 957 (W.D. Wi. 2017) (applying the *Rolls Royce* three-factor test); *Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*, No. 1:17-cv-00432-DCN, 2018 WL 1053529, at *5–6 (D. Id. Feb. 25, 2018) (applying *Howmedica*'s analysis as most

5

As to the first prong, the Court credits that the forum selection clause is valid as to Harrison and ProTek's Harrison-related conduct. See *Howmedica*, 867 F.3d at 404–405; *Rolls Royce*, 775 F.3d at 681. This factor tips in favor of transfer.

As to the second prong, the Court considers the interests of the parties not bound by the selection clause — Bucy and Fishbein. The private interests under consideration include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atlantic Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks omitted)); *see also Rolls Royce*, 775 F.3d at 678 n.30. Public interests include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).

This factor weighs decidedly against transfer. It is undisputed that all Defendants are citizens of Maryland, and all events occurred in Maryland. *See* ECF Nos. 1, 10, 11, 12. ProTek is a Maryland limited liability company operating in the Washington, D.C. metro area, and Bucy and Fishbein are former employees of Artech's Rockville, Maryland office, now employed by

---

applicable where the forum specified in one of the parties' contract lacked personal jurisdiction over the other defendants, and the defendant to be removed was a necessary party); *Aurora Casket Co., LLC v. Caribbean Funeral Supply, Corp.*, No. 16-2937, 2017 WL 5633102, at *4 (D. P. R. Nov. 22, 2017) (applying *Howmedica*); *accord Aquila v. Fleetwood, R.V. Inc.*, No. 12-cv-3281 (LDW)(GRB), 2014 WL 1379641, at *4-5 (E.D. N.Y. Mar 27, 2014) (denying transfer based on the public interest "in avoiding duplicative proceedings and potentially inconsistent results").

ProTek. ECF No. 1 at ¶¶ 2, 3, 4, 5. Relevant witnesses, documents, and other evidence are likely located in Maryland or at Artech's New Jersey headquarters, which is more conveniently located to this Court than the Western District of Washington. *See* ECF No. 1 at ¶¶ 1, 2, 15, 17, 20, 21. Bucy and Fishbein do not appear to have *any* relationship or connection to the State of Washington, nor does Washington have a significant interest in resolving their claims. *See* ECF Nos. 10, 11, 12.[3]

Where the first two factors "point in different ways," the Court considers the third factor: "threshold issues such as the presence of indispensable parties and defects in subject-matter jurisdiction, personal jurisdiction, venue, or joinder, all of which may direct severance analysis." *Howmedica*, 867 F.3d at 404–05; *see also Rolls Royce*, 775 F.3d at 680–81. The third factor focuses on whether the district court could, or should, sever the actions under Federal Rule of Civil Procedure 21 to allow enforcement of the forum selection clause against only the contracting party. *Id.*; Fed. R. Civ. P. 21. "In some cases, severance clearly will be warranted" if wholesale transfer of the action pursuant to §1404(a) creates federal diversity jurisdiction, personal jurisdiction, venue, or joinder defects. *Id.*

If the Court grants Harrison and ProTek's motion, severance is likely necessary because the Western District of Washington lacks personal jurisdiction over Bucy and Fishbein; further, the District of Washington appears an improper venue for Fishbein and Bucy-related tort claims asserted against Harrison and ProTek, all of which concern events that took place in Maryland.[4]

---

[3] The relevant choice of law provisions regarding the underlying claims are largely agnostic on the question of transfer. Whether the case is tried in Maryland or Washington State, New York law will apply to the claims against Bucy and Fishbein are New York law, *see* ECF Nos. 1-3 & 1-4, and either Maryland, New Jersey or New York law to the claims against ProTek. S*ee* ECF Nos. 1, 1-2, 1-3, 1-4.

[4] The forum selection clause reaches only the breach of contract claim against Harrison and possibly the tortious interference claim against ProTek, but is otherwise inapplicable to the remaining tort claims. *See* ECF No. 18 at 8. This is because a contractually based forum selection clause only applies to resolution tort claims based on interpretation of the contract which includes the forum selection clause. *See Berry v. Soul Circus, Inc.*, 189 F. Supp. 2d 290, 294 (D. Md. 2002). Artech's claims centering on Bucy and Fischbein's breach of *their own* Employment

*Howmedica*, 867 F.3d at 404. Although Harrison and ProTek are likely not indispensable parties because Artech could theoretically obtain complete relief against Bucu and Fishbein without Harrison and ProTek, this fact does not end the analysis. Severance nonetheless risks inconsistent verdicts in that one outcome for Bucy and Fishbein in this Court and a decidedly different outcome for Harrison and ProTek based on the same course of dealing.

Because "severance is neither clearly warranted nor clearly disallowed," the issue is "committed to the court's discretion," and the Court proceeds to the fourth step. *Id.* at 405. At this final stage of this inquiry, a "district court exercises its discretion . . . in choosing the most appropriate course of action." *Id.*; *see also Rolls* Royce, 775 F.3d at 681.

In this particular case, efficiency and the public interest counsel in favor of not enforcing the forum selection clause. To do otherwise will needlessly fracture this litigation and transform an otherwise fairly routine, localized business dispute into multidistrict litigation spanning the continental United States. *Rolls Royce*, 775 F.3d at 679-81; *Howemedica*, 867 F.3d at 405. "[T]o permit a situation in which two cases involving the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Cont'l Grain v. THE Barge FBL-585 & Fed. Barge Lines, Inc.*, 364 U.S. 19, 26 (1960)).

Finally, it bears noting that Harrison and ProTek, as the proponents of transfer, offer no rationale whatsoever for moving part of this action to a jurisdiction with no connection to the conduct alleged and businesses involved. *See* ECF No. 12. Indeed, the motion to transfer — in its entirety — is three pages long with little analysis. Harrison and ProTek did not even see fit to reply to Artech's opposition. Harrison and ProTek's cavalier approach to a potentially

---

Agreements, which do not have a forum selection clause, arise independently of Harrison's employment agreement. *See* ECF No. 1; *see also* ECF Nos. 1-2, 1-3, 1-4.

expensive, if not cost-prohibitive, splintering of this case runs counter to the public's interest in cases proceeding expeditiously, efficiently and fairly in federal court. Perhaps Harrison and ProTek devote so little time to this motion because they too recognize that the common questions of law, Maryland's strong connection to the events and parties involved, and the public's compelling interest in judicial efficiency render this an "extraordinary circumstance" which undermines the enforceability of this forum selection clause. For these reasons, the motion to transfer, ECF No. 12, is DENIED.

## III. Defendants Bucy and Fishbein's Motions to Dismiss

Bucy and Fishbein move for dismissal, arguing that the non-compete and non-solicitation clauses of their Employment Agreements are overly broad and thus unenforceable under New York law.[5] ECF No. 19 at 5 n.1. Under New York law, a covenant is reasonable when it is: "(1) necessary to protect the employer's legitimate interests; (2) reasonable in time and area; (3) not unreasonably burdensome to the employee; and (4) not harmful to the general public." *Silipos, Inc. v. Bickel,* No. 1:06-CV-02205, 2006 WL 2265055, at *3 (S.D.N.Y. Aug. 8, 2006); *see also BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 389 (1999). Courts assess the reasonableness of restrictive covenants on a case by case basis, as "no per se lines demarcate[e] what constitutes an unreasonable durational or geographic scope." *Estee Lauder Companies Inc. v. Batra*, 430 F. Supp. 2d 158, 180 (S.D.N.Y. 2006). The Court focuses on "the particular facts and circumstances giving context to the agreement." *BDO Seidman*, 93 N.Y.2d at 390; *see also USI Ins. Serv. LLC v. Miner*, 801 F. Supp. 2d 175, 187–88 (S.D. N.Y. 2011).

At the motion to dismiss stage, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the

---

[5] The parties have agreed that New York law applies to the merits of Artech's claims, as provided in the governing employment agreements. *See Jackson v. Pasadena Receivables, Inc.*, 921 A.2d 799, 803 (Md. 2007).

light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Accordingly, this Court confines the inquiry to whether the facts, as pleaded in the Complaint, demonstrate that the covenant is plausibly "not unreasonable." *See MasterCard Intl. Inc. v. Nike, Inc.*, 164 F. Supp.3d 592, 602–03 (S.D.N.Y. 2016); *Alves v. Affiliated Home Care of Putnam, Inc.*, No. 16-CV-1593 (KMK), 2017 WL 4350283, at *6 (S.D.N.Y. Sept. 28, 2017); *Devos, Ltd. v. Record*, 15-cv-6916(ADS)(AYS), 2015 WL 9593616, at *13 (E.D.N.Y. Dec. 24, 2015); *Bernato v. Arthur J. Gallagher & Co.*, No. 15-cv-1544 (KBF), 2015 WL 4643165, at *6 (S.D.N.Y. Aug. 5, 2015).

When accepting all pleaded facts as true and most favorably to Artech, the respective non-compete clauses are plausibly not unreasonable. Each prohibits Bucy and Fishbein from becoming reemployed with a business competitor located within 30 or 50 miles for 24 months after separation from Artech. ECF No. 1 at ¶ ¶ 25 & 27; *see, e.g. Devos, Ltd.*, 2015 WL 9593616, at *13; *Unisource Worldwide, Inc. v. Valenti*¸196 F. Supp. 2d 259, 277–78 (E.D.N.Y. 2002); *MasterCard*, 164 F. Supp.3d at 602–03; *Alves*, 2017 WL 4350283, at *6; *Devos, Ltd.*, 2015 WL 9593616, at *13. Although discovery may provide additional context which calls into question the reasonableness of the covenants, the Court cannot, at this stage, conclude as a matter of law that they are non-enforceable. Accordingly, the motions to dismiss, ECF Nos. 10 & 11, are DENIED.

**IV.    Conclusion**

For the foregoing reasons, it is this 25th day of July, 2018 ORDERED by the United States District Court for the District of Maryland:

    1.    Defendant Richard A. Harrison and ProTek Consulting, LLC's motion to transfer or dismiss, ECF No. 12, is DENIED;

2. Defendant John Bucy's motion to dismiss, ECF No. 10, is DENIED;

3. Defendant Adam W. Fishbein's motion to dismiss, ECF No. 11, is DENIED;

4. The Clerk is DIRECTED to transmit copies of this Memorandum Opinion and Order to the parties.

It is so ORDERED.

7/25/2018
Date

/s/
Paula Xinis
United States District Judge